Samuel J. Silverman, J.
Plaintiffs, cigarette vending machine operators, seek a preliminary injunction restraining the defendants, Mayor of the City of New York and New York City Finance Administrator, from enforcing provisions of the New York City Administrative Code, and regulations promulgated thereunder by the Finance Administrator, insofar as they require a price differential to reflect certain taxes based on levels of tar and nicotine in cigarettes sold. Defendants cross-move to dismiss-the plaintiff’s complaint for failure to state a cause of action.
Since 1952, the New York State enabling act (L. 1952, ch. 235, § 1, as amd.) has authorized New York City to impose “ taxes on cigarettes such as the legislature has or would have power and authority to impose.” On June 9, 1971, the State Enabling Act was amended by section 1 of chapter 394 of the Laws of 1971, effective July 1, 1971, to authorize the City of *456 New York to impose an additional tax of ££ One and one-half cents for each ten cigarettes [three cents per pack] where either their tar content exceeds seventeen milligrams per cigarette or their nicotine content exceeds one and one-tenth milligrams per cigarette ”, and an additional tax of “ Two cents for each ten cigarettes [four cents per pack] where their tar content exceeds seventeen milligrams per cigarette and their nicotine content exceeds one and one-tenth milligrams per cigarette ”.
Pursuant to the State enabling legislation, Local Law No. 34 of 1971 of the City of New York, enacted June 22,1971, effective July 1, 1971, amended the New York City Cigarette Tax Law by authorizing the additional tax of three and four cents per pack of 20 cigarettes, where tar and nicotine content per cigarette were over the levels specified in the State Enabling Act (Administrative Code of City of New York, § D46.2.0, subd. a). With regard to administering this additional tax, subdivision 11 of section D46-8.0 of the Administrative Code was amended to provide that: ‘£ the director of finance [may] provide by appropriate regulation for the maintenance of such differentials in wholesale and retail prices of cigarettes sold by any vendor, other than the manufacturer, so as to reflect the amounts of tax attributable to the tar and nicotine content of cigarettes sold. ’ ’
Pursuant to the authority granted him by section D46-8.0 of the Administrative Code, as amended, the Finance Administrator amended article 2-A of the Regulations, Cigarette Tax Law (originally promulgated May 15, 1952) to provide in pertinent part: ££In furtherance of the purpose of the additional tax to direct attention to the cigarettes containing excessive tar and nicotine and thereby to promote the health and welfare of the people of the City, the prices of all cigarettes subject to the additional tax, sold in the City by vendors other than manufacturers, shall reflect a difference in price at least equivalent to the amount of the additional tax imposed, and such differences in price must be clearly marked in all price lists, bills, advertisements, catalogs or publications pertaining-to the sale of such cigarettes. However, with respect to vending machine sales the prices of all cigarettes subject to the additional tax, regardless of the actual amount of such tax, may reflect a difference in price of at least five cents, and such differential shall be clearly indicated on all vending machines.”
The plaintiffs contend the defendants’ adoption of the price differential requirement (1) constitutes unlawful acts beyond the scope of the legislative authority granted to the city by the *457 State Enabling Act (L. 1952, eh. 235, § 1, as amd.); (2) represents a denial of due process of law by the enactment or burdensome regulations where a more limited regulation might achieve the same purpose; (3) is barred by subdivision (b) of section 5 of the Federal Public Health Cigarette Smoking Act of 1969 (U. S. Code, tit. 15, § 1334, subd. [b]), which pre-empts any State or local regulation “ based on smoking and health * * * with respect to the advertising or promotion of any cigarettes ” bearing the warning required by the act; and (4) the price differential requirement is not within the local police power of the City of New York.
I reject all of these contentions by the plaintiffs. The State enabling act authorizes New York City to impose any “ taxes on cigarettes, cigars and smoking tobacco which the legislature has or would have power and authority to impose.” (Emphasis added [L. 1952, ch. 235, as amd.]). Furthermore, the defendants’ requirement that cigarette prices “ reflect the amounts of tax attributable to the tar and nicotine content of cigarettes sold ” (Administrative Code, D46-8.0, subd. 11, as amd. by Local Laws, 1971, No. 34) is clearly designed to preclude the seller from absorbing the tax and to discourage, through higher prices, the consumer’s use of cigarettes with relatively higher levels of tar and nicotine. The city tax authorities were within their powers in rejecting a suggestion of signs, etc., to notify the consumer of the tax differential, because (a) a sign is not nearly as forceful or effective a reminder as a price differential; (b) without the price differential the sign will only mean that the dealer pays a differential in tax, but the consumer pays the same whichever type of cigarette he buys.
Provisions prohibiting sellers from absorbing sales taxes are found in many sales tax laws. The present New York State Sales Tax Law and the present New York City Sales Tax Law both contain provisions requiring a separate statement notifying the consumer of the tax and prohibiting a seller from absorbing the tax (Tax Law, § 1132, subd. [a]; Administrative Code, § A46-14.0, subd. [a]; § A46-15.0, subd. [a]). The New York State Cigarette Tax Law also specifically provides that the seller is not to absorb the cigarette tax: “It is intended that the ultimate incidence of and liability for the [cigarette] tax shall be upon the consumer, and that any agent or dealer who shall pay the tax to the tax commission shall collect the tax from the purchaser or consumer.” (Tax Law, § 471, subd. 2).
The State has granted to the city the same power to levy a cigarette tax, and to see that it is borne by the consumer and *458 not absorbed by the seller as the State itself exercises (although the State statute does not prescribe a price differential as the mechanics for achieving this end).
The purpose of the price differential requirement under consideration in this action is admittedly 1 ‘ to direct attention to the cigarettes containing excessive tar and nicotine and thereby to promote the health and welfare of the people of the City.” (Amendment to Regulations, Cigarette Tax Law, originally promulgated May 15, 1952, art. 2-A). This appears to be a proper exercise of the city’s police power to preserve and protect public health, which power has long been recognized by the laws of this State (Municipal Home Rule Law, § 10, subd. 1, par. a, subpar. [12]) and by its courts (City of Rochester v. Gutberlett, 211 N. Y. 309).
The plaintiffs have not cited any authority to warrant a finding that subdivision (b) of section 5 of the Federal Public Health Cigarette Smoking Act of 1969 (U. S. Code, tit. 15, § 1334, subd. [b]) pre-empts legislation in this field, and it does not appear to this court that such is the case.
A court should not declare that Federal statutes have preempted the field, so as to bar all State legislation in that field, unless the pre-emption is quite clear. Here the Federal statute appears to be directed to “ advertising or promotion ”. It does not, I think, pre-empt the field so as to prevent States (and cities) from imposing differential taxes or requiring price differentials at the point of local sale to the consumer.
Nor do I think that the requirement of the city regulation that the price difference ‘ ‘ must be clearly marked in all price lists, bills, advertisements, catalogs or publications pertaining to the sale of such cigarettes ” (Regulations, art. 2-A, subd. [c]) is the type of regulation of advertising and promotion that the Federal statute prohibits.
The defendants’ right to require cigarette prices to reflect taxes based on levels of tar and nicotine has alrady been considered by the court in People v. Cook, where the defendant, a store manager, was convicted in the Criminal Court of the City of New York for selling cigarettes at prices which failed to reflect these taxes. On appeal the conviction of the defendant Cook was unanimously affirmed by the Appellate Term, without opinion (People v. Cook, N. Y. L. J., Feb. 14, 1973, p. 19, col. 4). Cook has since obtained leave to appeal to the Court of Appeals, where the matter is presently pending.
That case did not involve vending machines. But the special vending machine provision appears to be an effort to help that *459 industry meet the problems arising from the machine’s apparent inability to handle transactions except in multiples of five cents; it permits one price differential of five cents instead of two different price differentials of three and four cents respectively. Obviously, the petitioners do not think this provision goes far enough in meeting their problems. But the alternative — to exempt the vending machine industry from the public policy requirement of bringing home to the consumer by price differential the difference in tax between low-tar and nicotine and high-tar and nicotine cigarettes — cannot be directed by the court.
There are arguable differences between the situation of the vending machine operators, plaintiffs in this case, and the over-the-counter store sales manager in the Cook case, so that I cannot say with confidence that decision in the Cook case will necessarily dispose of this ease. I, therefore, think it is better not to withhold decision in this case until Cook is decided by the Court of Appeals, but to speed this case on its appellate course.
It appears to me that the statute and regulations are valid.
As there are no disputed issues of fact to be tried, final judgment is appropriate.
Defendants’ cross motion to dismiss the complaint is granted.
As I have determined that the legislation and regulation are valid and that defendants are entitled to final judgment, it follows that plaintiffs are not entitled to a “ preliminary ” injunction— preliminary to the final judgment now being granted— and that plaintiffs’ motion for a preliminary injunction is denied.
I am not unmindful of plaintiffs’ argument that compliance with the statute may subject them to very great and irreparable cost and inconvenience if the statute or regulation should ultimately be held invalid or inapplicable to their situation. But their remedy is a very prompt processing of this case through the appellate courts, with application to the appellate courts for such interim relief incident to the appeal and on such terms as may be appropriate. To enable plaintiffs to apply for such interim relief, respondents will be stayed from taking any steps to enforce the vending machine regulation (other than collection of the tax due) for five days after the signing of an order hereon.